IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-cv-4

Elizabeth A. Merrill,

    Plaintiff,

v.

Gina McCarthy, *et al.*,

    Defendants.

**AGREED PROTECTIVE ORDER
(AS MODIFIED)**

Pursuant to the agreement of the parties, and upon being advised that the discovery sought in this litigation may result in the disclosure of confidential information and protected documents, the Court enters this Agreed Protective Order governing discovery in this matter and **ORDERS** as follows:

1. Documents containing confidential information produced by any party to this litigation shall be subject to the terms of this Agreed Protective Order, if the party claiming confidentiality marks the documents "CONFIDENTIAL".

2. All medical records acquired by Defendants relating to Plaintiff shall be considered "CONFIDENTIAL" documents regardless of whether said records are marked "CONFIDENTIAL".

3. Documents not defined in paragraphs 1 and 2 above shall not be subject to this Order.

4. "CONFIDENTIAL" documents shall not be filed with the Court, except under seal, and pursuant to Local Civil Rule 79.2.

5. The Court further orders that "CONFIDENTIAL" documents shall not be disclosed by any party except to the agents, retained experts, employees, and members of their counsel's firm. Notwithstanding the foregoing prohibition, counsel may show protected documents to his or her client (including current/former employees of the client) and/or the representatives thereof.

6. Counsel may also use "CONFIDENTIAL" documents during the course of depositions related to this matter so long as the court reporter is advised of the "CONFIDENTIAL" nature of the documents and agrees to keep such documents confidential.

7. The parties may designate testimony or portions thereof as "CONFIDENTIAL" by so designating such testimony before, during or within thirty (30) days of receipt of the deposition transcript.

8. CONFIDENTIAL documents shall be used solely for the purposes of this litigation or subsequent litigation involving Plaintiff Elizabeth A. Merrill and the United States, its agencies and officers.

9. This Order shall govern any person receiving or reviewing protected documents or protected information. Nothing in this Order shall prevent a party from any use of its own confidential documents.

10. In addition to preventing disclosure of the actual documents protected by this Order, any party receiving such documents and his or her counsel are prohibited from disclosing the nature and substance of the protected information contained in the

protected documents except as outlined herein. Whether a party is an individual or an a government entity, "protected information" is information contained in a document defined as "CONFIDENTIAL" pursuant to paragraphs 1 and 2 above, or that is so designated in a discovery response and that relates to the party's: (1) business contracts, agreements or financial records; (2) internal, confidential and/or proprietary documents; and (3) personnel and other confidential information, including medical information, of a party, its employees or its customers, as well as personnel files or related documents.

11. A protected document or documents containing protected information may only be filed with the Court as provided by Local Civil Rule 79.2. Counsel for the parties in this litigation, however, shall not require an order of the Court to inspect the sealed file. If a document designated as "CONFIDENTIAL" is to be used at trial, counsel intending to use the document shall so advise opposing counsel in sufficient time so that the matter can be resolved or addressed to the Court.

12. At the conclusion of this litigation, and all appeals, counsel of record for each party in possession of such protected information may retain it in accordance with such counsel's document retention and destruction policies, in which event such counsel shall be under a continuing duty to maintain the confidentiality and protect from further use and disclosure the protected information.

13. This Order is entered pursuant to 45 C.F.R. § 164.512(e)(1)(i) and the consent of the parties. Any and all medical and mental health providers of Elizabeth A. Merrill are authorized and instructed to disclose all of Elizabeth A. Merrill's medical and mental health records to the counsel of record for any party in this matter, for use in this litigation for whatever purposes are deemed necessary, including disclosure to and use by

3

expert witnesses, fact witnesses and/or consultants. Notwithstanding, pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A) and (B), the parties are directed not to use or disclose the medical records (protected health information) for any purpose other than prosecuting or defending the above-captioned suit or subsequent litigation involving Plaintiff Elizabeth A. Merrill and the United States, its agencies and officers and are directed either to return the records to the health care providers which disclosed the records or to destroy the records (protected health information), including all copies, at the end of all such litigation, in accordance with paragraph 12 above.

14. This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order. This Order does not compel either party to provide particular documents and/or information, but is only intended to govern how documents and/or information should be handled if produced. Moreover, nothing in this Order is intended to absolve either party of statutory or regulatory obligations as to the confidentiality of information and/or documents.

Prepared by:

/s/David H. Harris, Jr.
David H. Harris, Jr.
State Bar No. 9841
Linck Harris Law Group, PLLC
2530 Meridian Parkway, Suite 300
Durham, North Carolina 27713
919-806-4220
866-274-0756 (Fax)
dharris@linckharris.com

*Counsel for Plaintiff*


Seen and Agreed:

/s/Matthew L. Fesak
Matthew L. Fesak
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919)856-4821
Email: matthew.fesak@usdoj.gov

*Counsel for Defendants*

5

*********************

## COURT'S APPROVAL AND MODIFICATIONS

This Agreed Protective Order is the subject of the parties' joint motion for entry thereof at D.E. 30 and agreed upon in proposed form at D.E. 30-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Agreed Protective Order, subject to the following modifications:

1. Counsel shall designate any documents or information as confidential under the terms of this Agreed Protective Order only if such counsel believes in good faith that such documents or information qualify for protection under Federal Rule of Civil Procedure 26(c).

2. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section T of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Agreed Protective Order, including any such terms in paragraph 11. Except as otherwise provided in Local Civil Rule 79.2 and Section T of the Manual, any person seeking to file documents under seal shall submit with them a motion to seal accompanied by a supporting memorandum showing that the documents may properly be sealed. *See, e.g., Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988). The memorandum must specify: (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. *See* ECF Admin. Policies & Proced. Manual § T(1)(a)1, E.D.N.C.

3. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1 notwithstanding any contrary terms in this Agreed Protective Order, including any such terms in paragraph 12.

SO ORDERED, this 2 day of June 2014.

James E. Gates
United States Magistrate Judge