IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-4-BR

ELIZABETH A. MERRILL,

        Plaintiff,

v.

GINA MCCARTHY,

        Defendant.

ORDER

      This matter is before the court on defendant's motion to strike and motion in limine. (DE # 70.) Plaintiff filed a response in opposition. (DE # 105.) This matter is ripe for disposition.

      Plaintiff alleges that defendant violated Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, for failure to provide reasonable accommodation and based on retaliation and a hostile work environment. (Second Am. Compl., DE # 42, ¶ 1.) Both parties have moved for summary judgment (which will be addressed by separate order). In support of her motion and in opposition to defendant's motion, plaintiff relies on the declaration and expert report of Dr. Linsey C. Willis. Plaintiff offers Dr. Willis "[a]s an expert in [human resources] Management, management, and various discrimination issues," (Resp., DE # 105, at 11), to testify on the issues of retaliation and hostile work environment. Defendant moves to strike the declaration and expert report of Dr. Willis for purposes of ruling on the cross-motions for summary judgment and/or exclude her from testifying at trial.

      Defendant contends that Dr. Willis's declaration and expert report do not meet the standard for admissibility under Federal Rule of Evidence 702, namely that her opinions consist

of legal conclusions which would not be helpful to the jury.[1]  In response, plaintiff points out that Dr. Willis did not give an opinion on whether defendant violated the Rehabilitation Act, but rather, her opinions speak to the elements of the claims to a reasonable degree of professional certainty and only after she reviewed thousands of pages of documents to extrapolate what patterns of conduct may be inferred.  Thus, plaintiff contends, Dr. Willis has not expressed a legal opinion.  Further, without conceding that Dr. Willis's opinions are legal conclusions, plaintiff argues that Dr. Willis's testimony will assist the jury by her explanation of the "technical terms" "'retaliation'" and "'hostile work environment,'" (id. at 22), and by "'pasting' together mountains of documents," (id. at 21; see also id. at 9 ("The trier of fact, without the assistance of experts, will have to plow through 92,000 pages of documents to determine if all of the elements of the three claims for relief propounded by Plaintiff . . . were met.")).

    The court's analysis begins with Rule 702, which provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In essence, the rule requires that expert testimony be relevant and reliable. See United States v. Forrest, 429 F.3d 73, 80 (4th Cir. 2005).  Relevancy is determined by whether the expert testimony will be helpful to the jury.  See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 260 (4th Cir. 1999).

    Regarding the relevancy of expert opinion which sets forth legal conclusions,

---

[1] Defendant argues additional bases for exclusion of Dr. Willis's expert report and testimony.  Because the court concludes that Dr. Willis's opinions would not help the jury understand the evidence or to determine a fact in issue, the court does not address defendant's other arguments.

> it does not help the jury for an expert to give testimony that "states a legal standard or draws a legal conclusion by applying law to the facts" because it "supplies the jury with no information other than the witness's view of how the verdict should read." Determining when legal conclusions would be helpful to the jury must also take into account the role that the judge has in instructing the jury on the law. . . . [F]or example, [] when a witness gives an opinion about the meaning of a specialized legal term, the witness is giving a legal conclusion that is better handled by the judge and, coming from the witness, will be of little assistance to the jury.

United States v. Offill, 666 F.3d 168, 175 (4th Cir. 2011) (citations omitted).

Identifying what qualifies as an impermissible legal conclusion can be problematic. See United States v. McIver, 470 F.3d 550, 561-62 (4th Cir. 2006). Legal conclusions are identified "by determining whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." Id. at 562 (citation and internal quotation marks omitted). In this regard, the court "should first consider whether the question tracks the language of the legal principle at issue or of the applicable statute; then, the court should consider whether any terms employed have a specialized legal meaning." United States v. Perkins, 470 F.3d 150, 158 (4th Cir. 2006) (citation omitted).

In this case, Dr. Willis opines that:

> a.     EPA staff Anthony and Helm engaged in an on-going pattern of retaliatory behavior and actions toward Merrill. Merrill, who was engaged in the protected activity of seeking reasonable accommodation under the Rehabilitation Act, the moment she first requested reasonable accommodation, even verbally to Anthony in February 2012. Thereafter, EPA, the employer, through principally Anthony and Helm, took numerous, massive adverse actions against Merrill. There is a causal connection between Merrill's protected activity and the adverse actions taken by EPA. Finally, EPA's rationale for the adverse employment actions taken against Merrill, including termination, were pretextual.
> b.     EPA staff Anthony, Helm and Perry engaged in an on-going pattern of hostile and harassing behaviors and actions toward Merrill. Merrill a "qualified individual" with a disability as defined by the Rehabilitation Act was subjected to unwelcomed harassment by several EPA employees. This harassment was based on Merrill's disability and her request for accommodation. The harassment was sufficiently severe or pervasive to alter the conditions of Merrill's employment and created an abusive working environment. EPA, through its RTP managers

knew or should have known of the harassment and failed to take prompt effective
remedial action to protect Merrill from the hostile work environment.

(Willis Decl., DE # 58-6, at 2-3; see also Willis Report, DE # 64-1, at 6-7.)  These opinions track the legal principles at issue.  See Works v. Colvin, 519 F. App'x 176, 186 (4th Cir. 2013) (setting forth elements a plaintiff must prove to prevail on a Rehabilitation Act retaliation claim); Edmonson v. Potter, 118 F. App'x 726, 730 (4th Cir. 2004) (setting forth elements a plaintiff must prove to prevail on a Rehabilitation Act hostile work environment claim); Clarke v. DynCorp Int'l LLC, 962 F. Supp. 2d 781, 790-91 (D. Md. 2013) (recognizing that a retaliatory hostile work environment claim combines elements of a hostile work environment claim with the adverse action and causal connections elements of a retaliation claim).  Although Dr. Willis does not expressly opine that defendant's conduct violated the Rehabilitation Act, her opinions are couched in the very elements plaintiff must prove to establish defendant violated the Act and, in essence, direct the jury's verdict on plaintiff's retaliation and hostile work environment claims. Also, her opinions are replete with specialized legal terms, including protected activity, reasonable accommodation, and adverse employment action.  Dr. Willis's opinions constitute legal conclusions.

Even so, plaintiff argues that because of the complexity of the legal regime involved, Dr. Willis's "testimony will be helpful in explaining it to the jury as to whether an inference of retaliation, hostile work environment, intentional discrimination, or pretext existed." (Resp., DE # 105, at 12.)  It is true that the Fourth Circuit Court Appeals

> ha[s] [] noted that when the legal regime is complex and the judge determines that the [expert] witness' testimony would be helpful in explaining it to the jury, the testimony may be admitted.  Indeed, courts and commentators have consistently concluded that expert testimony that ordinarily might be excluded on the ground that it gives legal conclusions may nonetheless be admitted in cases that involve highly technical legal issues.

4

Offill, 666 F.3d at 175 (citations omitted); see also McIver, 470 F.3d at 562 n.13 ("[I]n certain circumstances, such as cases involving specialized industries, opinion testimony that arguably states a legal conclusion is helpful to the jury, and thus, admissible." (citation and internal quotation marks omitted)). Whether expert testimony should be admitted under this exception is a case-by-case inquiry. For example, in Offill, the Court of Appeals concluded that the district court did not abuse its discretion in admitting expert testimony where "the complex concepts involving securities registration, registration exemptions, and specific regulatory practices make it a typical case for allowing expert testimony that arguably states a legal conclusion in order to assist the jury." 666 F.3d at 175. Other cases where courts have permitted expert testimony touching upon legal conclusions can be found in the products liability area, see Karns v. Emerson Elec. Co., 817 F.2d 1452, 1459 (10th Cir. 1987) (holding it was within the district court's discretion to admit expert testimony pertaining to two elements of the plaintiff's case as "the facts were of a sufficiently technical nature that expert testimony could be expected to assist the jury in deciding the case"), and the insurance industry, see Peckham v. Cont'l Cas. Ins. Co., 895 F.2d 830, 837-38 (1st Cir. 1990) (holding district court properly admitted testimony of two attorneys about causation, recognizing "[i]nsurance is a complicated subject and the industry, over time, has developed a patina of custom and usage" and the "proffered experts could reasonably be expected to shed some light in a shadowy domain").

In this case, the law pertaining to disability discrimination and retaliation is not highly technical. The court will instruct the jury regarding any specialized legal terms and what plaintiff must prove to establish each of her claims. The jury will be capable of understanding the legal issues involved and drawing inferences from the evidence, including any patterns of conduct, without the assistance of Dr. Willis, and therefore, her testimony would not be helpful.

Plaintiff emphasizes that Dr. Willis has summarized thousands of pages of documents, which will assist the jury in determining the facts. Her chronological summary of some of those documents and her findings about the documents is in the form of a table attached to her expert report. (DE # 64-1, at 35-86.) Dr. Willis's summary of documents bears no relation to her specialized knowledge and is therefore not appropriate. See SAS Inst., Inc. v. World Programming Ltd., No. 5:10-CV-25-FL, 2015 WL 4757397, at *6 (E.D.N.C. Aug. 12, 2015) ("Rule 702 does not grant an expert an unlimited license to testify in a manner that simply summarizes otherwise admissible evidence without some connection to the expert's proffered expertise." (citing United States v. Johnson, 54 F.3d 1150, 1157 (4th Cir. 1995); In re C.R. Bard, Inc., 948 F.Supp.2d 589, 608 (S.D.W. Va. 2013)). Furthermore, in the table, not only does Dr. Willis summarize documents, but also she expresses legal conclusions throughout and assesses credibility. For example, Dr. Willis summarizes a 20 December 2011 email from Kathy Anthony, plaintiff's then-supervisor, to plaintiff in which "Anthony encourages Merrill to apply for the vacancy and tells her she could be trained easily." (DE # 64-1, at 36.) Dr. Willis goes on to opine about this email, "Based on the facts and evidence, Anthony had no plans to consider Merrill for this position, therefore, this email was untruthful and thus a hostile act." (Id.) Neither Dr. Willis's legal conclusions nor her credibility assessments are helpful to the jury, see United States v. Lespier, 725 F.3d 437, 449 (4th Cir. 2013) ("[I]n the absence of unusual circumstances, Rule 702 renders inadmissible expert testimony on issues of witness credibility."). Her declaration, which, in part, highlights "the most egregious examples of retaliation and hostile and harassing work environment" from the table, suffers from the same issues. (See DE # 58-6, at 4-11.)

In summary, Dr. Willis's opinions are legal opinions concerning an area of the law which

6

Case 7:14-cv-00004-BR   Document 110   Filed 03/30/16   Page 6 of 7

is not complex. To the extent she summarizes documents, no expertise is needed. To the extent she assesses credibility, that determination rests entirely with the jury. Dr. Willis's opinion testimony would not be helpful to the jury and will be excluded.

Accordingly, defendant's motion is GRANTED IN PART and DENIED IN PART. The court will not consider Dr. Willis's declaration and expert report in ruling on the cross-motions for summary judgment and she will not be allowed to testify at trial. Even though the court will not consider Dr. Willis's declaration and expert report, there is no reason to strike those filings from the record.

This 30 March 2016.

　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge